IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PATRICIA WYNN-MASON : CIVIL ACTION
: NO. 09-1235
v. :
:
LEVAS COMMUNICATIONS, LLC :
HOSPITAL AND ARAMARK :

O'NEILL, J. JULY 15, 2010

MEMORANDUM

Plaintiff filed her complaint on March 20, 2009 pursuant to Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991. She alleges discrimination and retaliation by her employer based on her gender. Defendant filed a motion to dismiss. I have before me defendant's motion, plaintiff's response and defendant's supplemented reply.

BACKGROUND[1]

Defendant owns and operates a radio station located in Philadelphia. Plaintiff was hired by then-general manager Cody Anderson as an Account Executive and compensated on a salary plus commission basis for advertising revenue she generated for defendant. She was employed from May 7, 2007 until October 22, 2007 when she resigned.

In July 2007, defendant hired Kernie Anderson as General Manager. "From the inception of his employment, Mr. Anderson would subject [plaintiff] to verbal abuse, insults and intimidating remarks concerning her work performance during staff meetings and in the presence

---

[1] I accept as true all well-pleaded facts in plaintiff's complaint together with reasonable inferences that may be drawn therefrom. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

of her co-workers." Compl. ¶ 10. In early October 2007, plaintiff met with Anderson in his office and complained to him about his abusive actions toward her. "He responded in a loud and disrespectful manner and announced to her that he was changing her compensation structure from salary plus commission to commission only without benefits, allegedly because of her work performance." Id. at ¶ 13. Two days later, Anderson sent plaintiff a letter outlining her new compensation structure but the letter did not reflect a promised increase in her commission rate. Plaintiff complained to Anderson about the commission rate but he refused to amend the terms of the letter to reflect their earlier agreement. When plaintiff asked Anderson who else in management she could talk to about her new compensation structure he threatened to fire her. Defendant paid a greater commission to a male Account Executive than to plaintiff for generating the same type of advertising revenue.

Plaintiff complained to defendant's management about Anderson's actions towards her. Defendant took no action in response to her complaints. Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (Charge No. 530-2008-00083), a Notice of Right to Sue was issued and she subsequently filed her complaint in this Court.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual

2

allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). The complaint must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). The Court of Appeals has recently made clear that after Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949). The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 210-11 (quoting Iqbal, 129 S. Ct. at 1950). The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id. (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949.

ANALYSIS

Defendant moves to dismiss plaintiff's retaliation claim on the grounds that she failed to exhaust her administrative remedies and to allege adequate facts. Defendant also moves to dismiss plaintiff's hostile work environment claim. For the following reasons I will grant defendant's motion to dismiss plaintiff's retaliation claim but grant plaintiff leave to amend her complaint and I will deny the motion to dismiss the hostile work environment claim.

**A.     Retaliation**

A plaintiff alleging discrimination pursuant to Title VII must exhaust her administrative remedies prior to bringing a claim in federal court. 42 U.S.C. § 2000e-16(c); Burgh v. Borough Counsel of Montrose, 251 F.3d 465, 469 (3d Cir. 2000). The Court of Appeals has recognized that this exhaustion requirement serves two purposes:

> First, it puts the employer on notice that a complaint has been lodged against [it] and gives [it] the opportunity to take remedial action. Second, it gives the EEOC notice of the alleged violation and an opportunity to fulfill its statutory responsibility of seeking to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

Bihler v. Singer Co., 710 F.2d 96, 99 (3d Cir. 1983). "The relevant test in determining whether [plaintiff] was required to exhaust [her] administrative remedies [ ] is whether the acts alleged in the subsequent . . . suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996) (quoting Waiters v. Parsons, 729 F.2d 233 (3d Cir. 1984)). In order to determine whether plaintiff exhausted her administrative remedies I must compare the allegations in her complaint with the allegations contained in her EEOC charge or the investigation arising therefrom.

Plaintiff's complaint alleges that she met with Anderson in early October 2007 to complain about his abusive actions toward her and in the meeting he responded by eliminating her salary and benefits. She also alleges a second incident where she complained to Levas' management about Anderson's actions and no action was taken.

On her EEOC charge, plaintiff selected "SEX" but not "RETALIATION" in response to the question which asks complainants to check the appropriate boxes indicating the basis of discrimination.² Substantively, however, the charge described the insults she sustained from Anderson and his change to her compensation. It did not describe that Anderson took this action in the meeting where she complained about his treatment of her. The charge also stated "I complained to the Human Resources department and no action was taken." Plaintiff admits in her response that the charge does not specifically state that defendant retaliated against her. Pl.'s Resp. at 2. She contends, however, that her retaliation claim "flows from the same set of facts that establish the basis for her sex discrimination claim." Pl.'s Resp. at 3. I find that the EEOC charge fairly described the same conduct upon which plaintiff now claims retaliation.

Defendant argues in the alternative that her claim should be dismissed for failure to plead adequately the elements of retaliation. To establish a claim for retaliation, a plaintiff must show that: "(1) she engaged in conduct protected by Title VII; (2) after or contemporaneous with engaging in that conduct, her employer took an adverse action against her; (3) the adverse action

---

² Defendant attached plaintiff's EEOC charge to its motion. I will consider the charge on the motion to dismiss because it is undisputed, referenced in the complaint and central to the plaintiff's claim. See Rogan v. Giant Eagle, Inc., 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000) (considering the EEOC charge and related EEOC documents, including the letter from the EEOC summarizing its investigation, the right to sue letter, and the intake questionnaire either as undisputed documents referenced in the complaint or central to the plaintiff's claim or as information which is a matter of public record).

was 'materially adverse'; and (4) there was a causal connection between her participation in the protected activity and the adverse employment action." Hare v. Potter, 220 Fed. Appx. 120, 127 (3d Cir. 2007) (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006); citing Moore v. City of Philadelphia, 461 F.3d 331, 340-41 (3d Cir. 2006); Weston v. Pennsylvania, 251 F.3d 420, 430 (3d Cir. 2001)).

With respect to the first element, Title VII's anti-retaliation provision contains both a "participation clause" which protects those who participate in certain Title VII proceedings and an "opposition clause" which protects those who oppose discrimination made unlawful by Title VII. Slagle v. County of Clarion, 435 F.3d 262, 266 (3d Cir. 2006). "Whether the employee opposes, or participates in a proceeding against, the employer's activity, the employee must hold an objectively reasonable belief, in good faith, that the activity [he or she] oppose[s] is unlawful under Title VII." Moore v. City of Philadelphia, 461 F.3d 331, 341 (3d Cir. 2006) (citations omitted).

The third element, i.e. that the retaliatory action be "materially adverse," means "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington, 548 U.S. at 68. A plaintiff may meet her burden by demonstrating that her employer's conduct is "likely to deter victims of discrimination from complaining to the EEOC." Id. However, "petty slights, minor annoyances, and simple lack of good manners" are normally not sufficient to deter a reasonable person. Id.

A plaintiff may establish the fourth element–causation–"by demonstrating either '(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing.'" Kania v. Potter, 358 Fed.

6

Appx. 338, 344 (3d Cir. 2009) (quoting Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007)).

Plaintiff argues that her complaint alleges two separate instances of retaliation. First, she "complained to [Anderson] about his abusive actions towards her." Comp. at ¶ 13. Defendant contends this allegation is insufficient to establish that she engaged in a protected activity because there are no facts alleging that her complaint to him expressed opposition to his discrimination based on her gender. I agree with defendant that, as stated, the well-pleaded facts do not permit me to infer more than the mere possibility of misconduct. However, plaintiff argues that during the meeting with Anderson in which she complained of his conduct she specifically complained about the company's discriminatory compensation scheme in which a male account executive received a higher commission rate than she. Pl.'s Resp. at 4 n.1. If this additional fact is adequately pled, it would be clear that her complaint was based on an objective and subjective belief that she was being discriminated against based on her gender. Such complaint would thus allege she engaged in a protected activity. She alleges that his response to her complaint was to eliminate her salary and benefits, to base her new compensation on commission and to reduce the commission rate they had formerly negotiated. These allegations are sufficient to support a finding that Anderson's reaction was materially adverse and, given the temporal proximity between her complaint and his reaction, the two were causally connected.

Plaintiff also "complained to Levas's management about the harassment, discrimination and retaliation she experienced from Mr. Anderson. Levas took no action in response to [plaintiff's] complaints." Id. at ¶ 15. Her brief adds that these complaints were made on October 15, 2007 when she made an "impromptu" appearance at management's offices in Chalfont and

7

spoke with Thomas Lomax about Anderson's harassment. She was to receive some response by the end of the week but she did not and her voice mail messages went unreturned. Consequently, plaintiff resigned one week after the meeting. Plaintiff has sufficiently alleged that she engaged in a protected activity by complaining to management about harassment. However, construing the well-pleaded facts–and even the unpled facts contained in her brief–as true and favorable to plaintiff, I find that defendant's failure to respond to her complaint was not a materially adverse action. While there may be an instance where an employer's failure to respond to a complaint of harassment could constitute a materially adverse action, on the present allegations a reasonable worker would not be dissuaded from making or supporting a charge of discrimination. A delay of one week in responding to her complaint may have constituted an annoyance and the failure to promptly return plaintiff's voice mails may demonstrated poor manners, but neither of these actions are sufficient to deter a reasonable person from complaining.

As pled, plaintiff's complaint fails to state a claim for retaliation. However, I will grant plaintiff leave to amend her complaint to support her claim that Anderson's conduct constituted retaliation. See Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) (holding that a district court must "permit a curative amendment unless such an amendment would be inequitable or futile.").

**B.      Intentional Discrimination**

Defendant also argues plaintiff has failed to plead adequate facts to support the first and fifth elements of a hostile work environment claim.[3] The five elements are:

---

[3] Defendant construes plaintiff's complaint as alleging a hostile work environment claim; plaintiff has not argued to the contrary.

> (1) the employee[ ] suffered intentional discrimination because of [her] sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of respondeat superior liability.

Andrews v. City of Philadelphia, 895 F.2d 1469, 1482 (3d Cir. 1990). With respect to the first element, defendant contends plaintiff "has failed to plead any facts that the abusive conduct of her supervisor . . . Anderson, was based on her gender . . . . [Plaintiff] offers no facts to support her claim in her complaint that [Anderson's] conduct was motivated by gender discrimination as opposed to some other reason." Def.'s Br. at 7-8. Plaintiff alleged that her compensation was less than that of a male account executive at Levas performing the same job responsibilities. At this stage, plaintiff has alleged sufficient facts from which a reasonable person could infer that the discrimination was due to her gender.

Furthermore, with respect to the fifth element, employer "liability exists where the defendant knew or should have known of the harassment and failed to take prompt remedial action." Andrews, 895 F.2d at 1486 (citations omitted). Defendant argues that plaintiff has failed to allege sufficient facts indicating that she gave Levas adequate time to respond to her complaint. Its argument focuses on plaintiff's allegation that she notified management about Anderson's conduct, that it took no action and that she was constructively discharged on October 22, 2007. However, as discussed supra, plaintiff also alleges that prior to contacting management she complained to Anderson himself in "early October" and defendant failed to take prompt remedial action. Plaintiff alleges that Anderson was a general manager and that general managers have the authority to hire, fire and change conditions of employment. See Huston v.

9

Procter & Gamble Paper Products Corp., 568 F.3d 100, 104 (3d Cir. 2009) ("[A]n employer knew or should have known about workplace sexual harassment if management-level employees had actual or constructive knowledge about the existence of a sexually hostile environment . . . . [M]anagement level employees have constructive notice of a hostile work environment when an employee provides management level personnel with enough information to raise a probability of sexual harassment in the mind of a reasonable employer.") (internal quotations and citations omitted). Accordingly, plaintiff has alleged that defendant knew of the harassment as early as "early October" and failed to take prompt remedial action as of the date of her constructive termination. Defendant's motion to dismiss plaintiff's hostile work environment claims for failure to plead the first and fifth elements will be denied.

      An appropriate Order follows.